ACCEPTED
14-14-00094-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/4/2015 9:25:17 PM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00094-CV

IN THE 14TH COURT OF APPEALS OF TEXAS

AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/4/2015 9:25:17 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| | § | |
| Alan Nelson Crotts, Appellant | § | **Cause No.   73368** |
| Vs. | § | In the 149th District Court of |
| | § | |
| Jessalyn Elizabeth Cole, | § | Brazoria County, Texas |
| Appellee | § | |
| | § | |

*On appeal from the 149th Judicial District Court of Brazoria County, Texas*

*REPLY BRIEF OF APPELLANT TO AMENDED BRIEF OF APPELLEE*

Alan Nelson Crotts, Pro Se

19910 Grand Bluff Grove

Richmond, Texas  77407

**REPLY BRIEF OF APPELLANT TO AMENDED BRIEF OF APPELLEE**

The APPELLANT, **Alan Nelson Crotts**, responds as follows to the AMENDED BRIEF OF APPELLEE:

1.     The AMENDED BRIEF OF APPELLEE fails, in whole, to adequately respond to the issues presented by the Appellant in the 1ST AMENDED BRIEF OF APPELLANT.  It contains irrelevant information and, in some parts, false information.  The format itself seems to be intended to confuse this Court as to the logical sequences of events in terms of their dependency on the outcome of prior events.

To demonstrate, the Appellee contends that the NOTICE OF APPEAL was filed late because it wasn't filed within 30 days of the October 14th, 2013 dismissal.  This assertions disregards the combined effect of the 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH and the ORDER ON MOTION TO REINSTATE.  The 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH effectively extended the plenary power of the trial court, pursuant to *Rule 329b(g)* of the *Texas Rules of Civil Procedure*, and the ORDER ON MOTION TO REINSTATE effectively put the case back on the docket.

2.     To clarify the actuals issues at hand and eliminate the confusion caused by the AMENDED BRIEF OF APPELLEE, the actual timeline and the effect of filings which the Appellant contends is appropriate are listed below.  Only filings relevant to AMENDED BRIEF OF APPELLEE are included.

        1)     07/12/2013, ORIGINAL PETITION – Initiated lawsuit.

2)      09/18/2013, DEFENDANT'S RULE 91A MOTION TO DISMISS – set hearing for a dismissal pursuant to *Rule 91a* of the *Texas Rules of Civil Procedure*.

3)      10/07/2013, OBJECTION TO MOTION TO DISMISS – set forth clear and logical objections to DEFENDANT'S RULE 91A MOTION TO DISMISS, which included, but were not limited to, validity of causes of actions and deficiencies in the service of this motion.

4)      10/14/2013, ORDER OF DISMISSAL – Dismissed the suit pursuant to *Rule 91a* of the *Texas Rules of Civil Procedure*, and only that rule, which affected a final disposition on the case.

5)      10/14/2013, MOTION TO REINSTATE – Requested the case to be reinstated under *Rule 165a* of the *Texas Rules of Civil Procedure*. Except for setting a hearing date, this motion was without effect because the case was not dismissed under Rule 165a. The plenary power of the trial court was not affected by this motion.

6)      11/12/2013, 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH – Effectively extended the plenary power of the trial court through December 12th, 2013. This motion stated on page 2 (C.R. 54) and page 3 (C.R. 55) that this suit was not eligible for dismissal under Rule 91a. On page 4 (C.R. 56), the Appellant stated that Rule 91a required the trial court to deny DEFENDANT'S RULE 91A MOTION TO DISMISS. The 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH also requested the ORDER OF DISMISSAL signed on October 14th, 2013, to be rendered null and void on page 5 (C.R. 57).

7)    12/06/2013, ORDER ON MOTION TO REINSTATE – Placed the case back on the docket as to the causes of action for Breach of Contract and Defamation of Character pursuant to Rule 91a.

3.    In reference to the effect of the filings cited above, the AMENDED BRIEF OF APPELLEE questions whether 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH constitutes a motion to correct, modify, or otherwise reform a judgment. Upon examining the definitions of 'correct' and 'reform' against the definition of 'quash', there is clear congruency. To demonstrate, correct means "…to change so that it is right, true, proper, etc…". Reform is defined as "…to improve (someone or something) by removing or correcting faults, problems, etc…". And quash means to "to nullify especially by judicial action…". To further assist this Court, the term nullify is synonymous with abrogate, rescind, void, or vacate. Based on these definitions, it would be contrary to English language to assert that a motion to quash does not constitute a motion to correct. To wit, the quashing of an order that is entirely invalid absolutely constitutes a correction or reform of that order.

Furthermore, a motion is to be determined by its substance, not title (*Rush v. Barrios*, 56 S.W. 3d, 88, 93 (Tex. App. – Houston [14th Dist.] 2001, pet. denied). The 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH is clearly intended, in part, to show the trial court that the dismissal under Rule 91a was improper and that this error needed to be corrected.

Pursuant to the above and Rule 329b(g), the filing the 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH effectively extended the trial court's plenary power

for 30 days. The trial court has concurred with this assertion, as it interpreted the motion as a request to correct or reform an improper judgment and acted accordingly.

4.      In reference to the effect of the filings cited above, the AMENDED BRIEF OF APPELLEE acknowledges on page 15 that "…two of the original causes of action that were dismissed on October 14th, 2013 under the Rule 91a motion…" were reinstated. As asserted in the 1ST AMENDED BRIEF OF APPELLANT, regardless of any citation of Rule 165a, the case was properly reinstated under the authority of Rule 91a because that is the Rule the case was improperly dismissed under. Just as the nature of a motion is determined by its substance, the Appellant asserts that this rule applies to court orders as well. It is through the substance that the trial court specifically made sure to include in the ORDER ON MOTION TO REINSTATE that the intent of that court is made clear – "only as to the Causes of Action alleging Defamation and Breach of Contract". It is uncontestable that the trial court included these words in response to the Rule 91a issues presented by the Appellate.

5.      On page 14 of the AMENDED BRIEF OF APPELLEE, the Appellee states the DEFENDANT'S RULE 91A MOTION TO DISMISS was appropriately granted. The trail court has already acknowledged this to be untrue through the ORDER ON MOTION TO REINSTATE.

6.      The AMENDED BRIEF OF APPELLEE also contends that the NOTICE OF APPEAL was not filed in a timely manner. Pursuant to the timeline and effect of the filings present in item 2 above, this Court can clearly see this to be false.

7.      In several places the Appellee attempts to import motive to the Appellant's filings. This is improper. The Appellant asserts that the motive for each filing is clear within the

substance of the filing. It should also be noted that the effect of certain filings is separate from the motive for the filings. For example, a party does not need to intend for a motion to correct or modify a judgment to extend the plenary power of the court, that is simply the effect of the motion.

8.     Item 14 on page 37 of the AMENDED BRIEF OF APPELLEE is irrelevant because the trial court has already acknowledged that the dismissal under Rule 91a was improper.

9.     Item 15 on page 38 of the AMENDED BRIEF OF APPELLEE is false and irrelevant. The Appellant has the right to present two arguments before the court. The Appellate made arguments related to Rule 165a and Rule 91a because the Appellate was confused as to the basis for the dismissal. The Appellate knew that the case could not be dismissed under either rule, but yet it was. At the hearing on November 12th, 2013, the argued only those reasons related to Rule 91a because no notice of hearing for a dismissal under Rule 165a was ever issued.

As to the attached order, the Appellate is aware the trial court has the authority to amend a proposed order and designed it to allow the trial court to easily remove or cross-out any citations to the irrelevant rule, Rule 91a versus Rule 165a.

10.     Item 16 on page 39 of the AMENDED BRIEF OF APPELLEE is also without merit. The Appellant's 1ST AMENDED MOTION TO REINSTATE AND MOTION TO QUASH asserted that the ORDER OF DISMISSAL signed on October 14th, 2013, should be wholly voided. After hearing the arguments at the hearing, the trial court determined that only two of the causes of action were valid, so the order could not be wholly voided. The Appellant

did not contest that decision, but that would not logically constitute a waiver of withdrawal of that motion. In short, having a motion denied does not constitute a withdrawal of that motion.

The above notwithstanding, the motion to quash was effectively granted in part by the trial court.

11.    In Item 17 on page 40 of the AMENDED BRIEF OF APPELLEE the appellee contends the 1st AMENDED BRIEF OF APPELLANT contains an argument that was not presented to the trial court. Specifically, the argument that a time extending motion, other than the MOTION TO REINSTATE, was filed was not presented to the trial court. This contention is moot because the Appellant did not present this argument in the 1st AMENDED BRIEF OF APPELLANT.

12.    In Item 18 on page 40 of the AMENDED BRIEF OF APPELLEE the Appellee contends that the 1st AMENDED BRIEF OF APPELLANT does not conform to *Rule 38.1(h)* and *Rule 38.1(i)* of the *Texas Rules of Appellate Procedure*. This Court knows this to be false because the 1st AMENDED BRIEF OF APPELLANT has already been measured against the standards set forth in Rule 38.1 in response to the APPELLEE'S SECOND MOTION FOR INVOLUNTARY DISMISSAL.

13.    In Item 19 on page 40 of the AMENDED BRIEF OF APPELLEE complains that the 1st AMENDED BRIEF OF APPELLANT did not challenge any of the trial court's finding of fact. This is entirely irrelevant. The Appellant agrees with the facts presented by the trial court in the FINDINGS OF FACT AND CONCLUSIONS OF LAW, with the possible exception of Items 3 and 4, but has contested the basis for the trial court's conclusions and its decision to sign the ORDER OF DISMISSAL on January 27th, 2014.

## PRAYER

The APPELLANT prays the Court acknowledge the counter-points argued in this REPLY BRIEF OF APPELLANT TO AMENDED BRIEF OF APPELLEE and grant the relief requested in the BRIEF OF APPELLANT and any other relief to which the Appellant may be entitled.

Respectfully Submitted,

**Alan N. Crotts, Pro Se**
19910 Grand Bluff Grove
Richmond, Texas 77407
Telephone: (281)384-0350

## *CERTIFICATE OF SERVICE*

This certifies that the undersigned served this REPLY BRIEF OF APPELLANT TO AMENDED BRIEF OF APPELLEEon JESSALYN ELIZABETH COLE, Appellee, by sending it to lead counsel for Appellee, RAYMOND COLE, at P.O. BOX 375, BAY CITY, TEXAS 77404 by CERTIFIED RETURN RECEIPT MAIL on _____1/05/2015_____.

Month/ Day/ Year

_____
Alan N. Crotts, Pro Se

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i)

I certify that this document contains **1,695** words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, signature, proof of service, certification, and certificate of compliance as provided by Appellate Rule 9.4(i).

_____
Alan N. Crotts, Pro Se